UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ANGELA G., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:25-cv-00122-MPB-CSW |
| | ) |
| FRANK J. BISIGNANO Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION</u>

Claimant Angela G. appeals the Social Security Administration's decision denying her application for disability insurance benefits. This matter was referred to the Magistrate Judge, who recommended that the Commissioner's decision be affirmed. (Docket No. 21). Claimant filed a written objection, (Docket No. 22), to the Magistrate Judge's Report and Recommendation. For the following reasons, the Court **OVERRULES** Claimant's Objection, (Docket No. 22), and **ADOPTS** the Magistrate Judge's recommended disposition, (Docket No. 21).

In August 2022, Claimant filed an application for Title II Disability Insurance Benefits. (Docket No. 10-2 at ECF p. 18). Her application was denied. (*Id.*). Claimant requested a hearing, and the Administrative Law Judge (ALJ) held one. (*Id.*). The ALJ received evidence and heard testimony from Claimant and others. (*Id.* at ECF pp. 18–19). The ALJ followed the five-step evaluation process and concluded that Claimant was not disabled. (*Id.* at ECF p. 19). The ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged disability onset date, that she had several severe impairments, including chronic pain syndrome, fibromyalgia, and obesity (but not fecal urgency or incontinence), that she did not have an

impairment or combination of impairments that met or equaled the severity of one of the statutorily defined impairments, that she has a Residual Functional Capacity (RFC) to do light work with limitations on carrying, sitting, standing, and other movements, that she is unable to perform any past relevant work, and that there are jobs that exist in significant numbers in the national economy that she can perform. (*Id.* at ECF pp. 21–35). Plaintiff sought review of the ALJ's decision, which the Appeals Council denied. (*Id.* at ECF pp. 2–4). Claimant then sought judicial review of the Commissioner's decision. (Docket No. 1).

On judicial review, an ALJ's factual findings "shall be conclusive" if supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citation omitted). The ALJ's decision must "reflect[] an adequate logical bridge from the evidence to the conclusions." *Id.* The Court may not reweigh the evidence or substitute its judgment for the ALJ's. *Id.* Written objections to a magistrate judge's recommended disposition of a dispositive motion are reviewed de novo. Fed. R. Civ. P. 72(b)(3).

Claimant argues that the ALJ erroneously assessed her RFC, the most she can work despite her limitations, *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022), because he relied on "wrong" and "non-existent" grounds to reject Claimant's testimony about the severity of her fecal urgency and incontinence, (Docket No. 17 at ECF p. 7). The "wrongs" the ALJ supposedly committed in evaluating the evidence of these impairments was failing to accept wholeheartedly Claimant's testimony about their severity, and failing to assign more weight to her testimony than the other evidence. But the ALJ was not required to do so. *Cass v. Shalala*, 8 F.3d 552, 555 (7th Cir. 1993); *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017); *Catherine D. v. O'Malley*, No. 4:23-cv-79, 2024 WL 4002574, at *7–8 (S.D. Ind. Aug. 30, 2024).

2

The ALJ indeed considered Claimant's testimony, as he was required to do, 20 C.F.R. § 404.1529(c)(1), but found her testimony inconsistent with the other evidence, including statements Claimant gave to medical providers, (Docket No. 10-2 at ECF pp. 21–22). The ALJ found that physical exams of Claimant yielded "minimal findings" on her gastrointestinal complaints, and he observed that Claimant said her fecal incontinence had abated even without treatment. (*Id.* at ECF p. 21). Moreover, Claimant's testimony about the severity of her incontinence was "inconsistent" with what she told her medical providers. (*Id.* at ECF p. 22). And although Claimant continued to experience some fecal urgency, it was "unclear how frequent[ly]" this occurred, and, at any rate, Claimant wore Depends to guard against accidents. (*Id.* at ECF pp. 21–22). So, the ALJ built a logical bridge between these findings and his RFC assessment. *Gedatus*, 994 F.3d at 900. The ALJ's rationales were neither "wrong" nor "non-existent."

Nor did the ALJ ignore Claimant's testimony about her fecal urgency. (*See* Docket No. 17 at ECF pp. 11–13). He considered that testimony but concluded it did not warrant the bathroom-breaks RFC limitation that Claimant requested, as Claimant's urgency was of "unclear" frequency, "stable with medication, dietary changes, and surgical treatment," and managed by wearing Depends to address her claimed once-a-day accident. (Docket No. 10-2 at ECF pp. 21–22). The ALJ's evaluation of Claimant's symptoms testimony will be reversed only if it "lacks any explanation or support," and his evaluation lacks neither. *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008) (citation omitted).

The Court therefore **ADOPTS** the Magistrate Judge's recommended disposition. (Docket No. 21). Claimant's Objection, (Docket No. 22), is **OVERRULED**. The Commissioner's decision is **AFFIRMED**. Final judgment shall issue by separate entry.

     **IT IS SO ORDERED**.

Dated:  May 28, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.